UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL COLLINS,

    Plaintiff,

v.                                                               Case No. 06-12382

GARY DIAZ,                                   HONORABLE AVERN COHN

    Defendant.

_____/

## **ORDER DIRECTING ENTRY OF DEFAULT JUDGMENT OF LIABILITY AGAINST DEFENDANT**

I.

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Earl Collins (Collins), proceeding pro se, claims that Defendant Gary Diaz (Diaz), a City of Detroit police sergeant, violated his constitutional rights by using excessive force while in police custody following his arrest. For the reasons that follow, the Clerk shall enter a default judgment of liability against Diaz. Collins shall submit a statement in support of his calculation of damages within thirty days.

II.

Collins' original complaint was filed on May 26, 2006. (Doc. 1). Since that time, Diaz and the City of Detroit failed to respond to Collins' discovery requests. In response, Collins filed his first motion to compel discovery with the Court on February 20, 2007 (Doc. 11), which was denied without prejudice by a magistrate judge on grounds that it was premature. (Doc. 14). Still without the requested discovery, Collins

filed his second motion to compel on December 19, 2007 (Doc. 26), which was declared moot by a magistrate judge (Doc. 32) after Diaz filed a response with the Court stating that he had mailed answers to interrogatories and requested documents on March 17, 2009 (Doc. 31). Despite Diaz's assurances, a significant amount of discoverable materials were not produced.

Collins filed a third motion to compel with the Court on August 31, 2010 (Doc. 78), which this Court granted. (Doc. 79). The order, entered on September 22, 2010, directed Diaz to produce a detailed list of relevant discovery materials within thirty days. As of the date of this order, Diaz has not complied with the Court's order.

## II.

"A district court may sanction parties who fail to comply with discovery orders in a variety of ways, including dismissal of their lawsuit or entry of default judgment against them." Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990); Fed. R. Civ. P. 37(b)(2)(C). The Sixth Circuit has set forth several factors for the court to consider when determining whether a default judgment due to failure to comply with a discovery order is appropriate. Id. Particularly, a court should consider 1) whether a party has the ability to comply, but does not; 2) whether the party's failure to comply is due to willfullness, bad faith, or fault; 3) whether the adversary was prejudiced by the defaulting party's failure to cooperate in discovery; 4) whether the defaulting party was warned that failure to cooperate could lead to default; and 5) whether less drastic sanctions were imposed or considered before default was ordered. Id. (internal citations omitted).

III.

Here, Diaz had the ability to comply, but did not, evidenced in part by Diaz's ability to respond to Collins' second motion to compel. Further, Diaz's failure to fully comply with the multiple motions to compel and his failure to comply with the Court's recent order compelling discovery, shows willfull non-compliance. Next, Collins, a <u>pro se</u> plaintiff, has been prejudiced by Diaz's non-compliance due to the fact that he has spent substantial time and money attempting to obtain the evidence necessary to prove his case, without avail. Moreover, Diaz's failure to cooperate is prejudicial because, despite Collins' diligence over the past four years, Collins is no further along than he was when he filed the complaint.

Finally, Diaz had ample warning that failure to cooperate with discovery would be detrimental to his case. While the Court did not expressly state in its order to compel that non-compliance of the order would result in a default judgment, by ignoring Collins' multiple discovery requests and the Court's many attempts to give him more time over the course of the past four years, Diaz had constructive warning that the Court would be faced with imposing the sanction of last resort, in this case, a default judgment, due to his willful failure to cooperate.

SO ORDERED.

Dated: October 29, 2010                     S/Avern Cohn
                                            AVERN COHN
                                            UNITED STATES DISTRICT JUDGE

**06-12382 Collins v. Diaz**
**Order Directing Entry of Default Judgment, etc.**


**06-12382 Collins v. Diaz**
**Order Directing Entry of Default Judgment, etc.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to Earl Collins, 475522, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 and the attorneys of record on this date, October 29, 2010, by electronic and/or ordinary mail.

    S/Julie Owens
    Case Manager, (313) 234-5160