UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL COLLINS,

    Plaintiff,

v.                                                   Case No. 06-12382

GARY DIAZ,                            HONORABLE AVERN COHN

    Defendant.

_____/

## MEMORANDUM AND ORDER DENYING MOTION TO SET ASIDE AND FOR SETTLEMENT CONFERENCE

I.

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Earl Collins (Collins), proceeding pro se, claims that Defendant Gary Diaz (Diaz), a City of Detroit police sergeant, violated his constitutional rights by using excessive force while in police custody following his arrest. On October 29, 2010, the Court entered an order directing the Clerk to enter a default judgment against Diaz due to Diaz's willful failure to comply with Collins' discovery requests. (Doc. 84). Now before the Court is Diaz's motion to set aside default judgment and for a settlement conference. For the reasons that follow, Diaz's motion will be denied.

II.

Diaz asks the Court to set aside the default judgment for good cause, relying on United States v. Battle, No. 06-13514, 2007 U.S. Dist LEXIS 87061, at *2 (E.D. Mich. 2007). Diaz's reliance is misplaced.

As Diaz asserts, in Waifersong, Ltd. Inc., v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992), the Sixth Circuit held that courts should consider the following factors when determining whether a default judgment should be set aside: (1) Whether culpable conduct of the defendant led to the default, (2) Whether the defendant has a meritorious defense, and (3) Whether the plaintiff will be prejudiced. Battle, supra (quoting Waifersong, supra).

Critically, however, the Sixth Circuit next stated that when a defendant seeks to avoid a judgment, Fed. R. Civ. P. 60(b)(1) requires the culpability factor to be framed "in terms of 'mistake, inadvertence, surprise, or excusable neglect.'" Id. (quoting Fed. R. Civ. P. 60(b)(1)). In other words, "in order to appeal the entry of a default judgment, a defendant must first establish if the underlying default was a product of a 'mistake, inadvertence, surprise, or excusable neglect.'" Waifersong, supra. Once a defendant has satisfied this burden, "a court will consider the existence, if any, of a meritorious defense and lack of prejudice to the plaintiff." Id.

Here, Diaz's counsel argues that Diaz is not culpable for not complying with the discovery requests, which led to the default judgment, because the noncompliance was "the result of inadvertence and simple error by his counsel borne of [sic] chaotic conditions immediately preceding and following the recent unprecedented political upheaval in the [City of Detroit's] governmental structure and re structuring." (Doc. 89 p. 7).

Under the standard set forth by the Fed. R. Civ. P. and the Sixth Circuit, Diaz's argument is without merit. Diaz did not comply with a court order compelling discovery. (Doc. 79). The order was issued after continued attempts by Collins and the Court to motivate Diaz and the City of Detroit to cooperate, as detailed in the Court's order directing

2

entry of default judgment as to liability against defendant. (Doc. 84). The City of Detroit's recent troubles do not excuse Diaz's failure to comply.

III.

Next, Diaz attempts to comply with the discovery order in the motion to set aside the default judgment by explaining that the discovery items were not produced because they cannot be located, do not exist, require Collins' consent, or have already been produced. (Doc. 89). For the reasons that follow, the Court finds the attempt insufficient.

First, related to the items Diaz says are unavailable, the Court directed Diaz's counsel at a September 8, 2010, final pretrial conference that if certain items could not be produced Diaz's counsel should state as much in a response to the discovery order. Instead, however, Diaz's counsel chose not to respond to the order. Next, related to the medical records requiring Collins' consent, Diaz should have attempted to obtain Collin's HIPPA release form or responded to the discovery order informing the Court of the action needed, rather than ignoring Collins' medical records request. Lastly, related to the photos that Diaz states were attached to its March, 17, 2008, production response, (Doc. 31), the Court is not in possession of any photos, nor does the record reflect that Diaz produced them. Moreover, based on the Court's direction at the final pretrial conference, Diaz should have submitted the photos or provided the appropriate update to the Court in a response to the discovery order, rather than ignoring the Court's order.

In other words, Diaz's failure to comply was not the result of mistake, inadvertence, or excusable neglect, as required to set aside a default judgment. More importantly, the available discovery items have yet to be produced.

IV.

Diaz's motion to set aside the default judgment is DENIED.  Further, Diaz's motion for a settlement conference is DENIED, as the efforts at settlement have proved fruitless. Pursuant to the court's order directing default judgment of liability against defendant, (Doc. 84), Collins has thirty days from the judgment date of October 29, 2010, to submit a statement in support of his calculation of damages.

SO ORDERED.


Dated:  November 15, 2010             S/Avern Cohn
                                      AVERN COHN
                                      UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Earland Collins, 475522, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI  48880 and
the attorneys of record on this date, November 15, 2010, by electronic and/or ordinary mail.

                                       S/Julie Owens
                                      Case Manager, (313) 234-5160