UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL COLLINS,

    Plaintiff,

v.                                          Case No. 06-12382

GARY DIAZ,                      HONORABLE AVERN COHN

    Defendant.

_____/

## ORDER REGARDING DAMAGES

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Earl Collins (Collins), proceeding pro se, claims that Defendant Gary Diaz (Diaz), a City of Detroit police sergeant, violated his constitutional rights by using excessive force while in police custody following his arrest on September 15, 2004. The case has a long and complex history before this Court.

On October 29, 2010, the Court entered a default judgment of liability in favor of Collins because Diaz failed to cooperate with discovery requests. (Doc. 84). In the same order, the Court required Collins to submit a statement in support of his calculation of damages. (Doc. 84). On November 12, 2010, Collins filed a paper in response to the Court's order, in which he asked for a $5,000,000.00 award. (Doc. 91). However, the filing did not provide a supporting statement or calculation justifying the amount. The Court ordered Collins to submit an itemized statement of damages within thirty (30) days. (Doc. 94).

On December 14, 2010, Collins submitted a second statement describing the damages he has suffered because of Diaz's wrongful act and asking the Court for a $1,000,000.00 award. (Doc. 97). Diaz has also stated his willingness to resolve the case by offering to pay Collins $7,500.00. (Doc. 95).

To better enable the Court to assess the credibility of Collins' claims, he shall within thirty (30) days submit a list of trial witnesses he proposes to call and a list of trial exhibits he plans to introduce, together with a copy of such exhibits. Particularly, the list of witnesses and exhibits shall support that which Collins says he has suffered in his most recent statement of damages. (Doc. 97).

Finally, on December 15, 2010, Collins submitted a motion asking the court to seize Diaz's property, assets, personal bank account and savings, in order to collect his damage award. (Doc. 98). The motion is not well taken. Before the Court determines a mechanism with which to enforce damages, a reasonable damages award must first be determined. The motion is DENIED.

SO ORDERED.


Dated: December 17, 2010            S/Avern Cohn
                                    AVERN COHN
                                    UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 17, 2010, by electronic and/or ordinary mail.

                                    S/Julie Owens
                                    Case Manager, (313) 234-5160